HARDY RAY MURPHY, CA Bar No. 187149
hardy.murphy@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendant
MASONITE CORPORATION

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| FREDY QUEZADA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MASONITE CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive<br><br>Defendants. | Case No.  5:24-cv-369<br><br>**DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>**[DIVERSITY OF CITIZENSHIP]**<br><br>Filed concurrently with:<br>• Civil Cover Sheet;<br>• Corporate Disclosure Statement;<br>• Notice of Related Cases;<br>• Request for Judicial Notice;<br>• Declarations of Katie Mercado, Ranell Mason and Hardy Murphy in Support of Removal<br><br>Complaint Filed: January 9, 2024<br>Trial Date:          None |

Case No. _____
DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

TO THE CLERK OF THE UNITED STATES DISTRICT COURT AND PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant Masonite Corporation ("Masonite"), by and through the undersigned counsel, removes the above-entitled action from the Superior Court of the State of California, County of Riverside ("Riverside Superior Court"), to the United States District Court, Central District of California, pursuant to 28 United States Code sections 1332 and 1441(b),  and 1446, on the grounds that complete diversity of citizenship exists between plaintiff Fredy Quezada ("Plaintiff" or "Quezada"), a California citizen, and Masonite, a Delaware and Florida citizen, and the amount in controversy exceeds the jurisdictional minimum of $75,000.  The foregoing facts were true at the time Plaintiff filed the civil complaint in this matter and true as of the date that Masonite files this Notice of Removal ("Notice"), as more fully set forth below.

## I.

## **TIMELINESS OF REMOVAL**

1.      On or about January 9, 2024, Plaintiff filed a civil complaint against Masonite in Riverside Superior Court entitled "*Fredy Quezada, an individual, Plaintiff, v. Masonite Corporation, a Delaware corporation; and DOES 1 through 20, inclusive, Defendants*," Case No. CVRI2400122 (the "State Action").  The complaint asserts causes of action for: (1) age and disability discrimination; (2) retaliation; (3) failure to prevent discrimination and retaliation; (4) failure to provide reasonable accommodations; (5) failure to engage in a good faith interactive process concerning reasonable accommodations; (6) declaratory judgment; (7) wrongful termination in violation of public policy; (8) failure to pay wages owed; (9) failure to provide legally compliant meal periods; (10) failure to provide legally compliant earnings statements; (11) waiting time penalties; and (12) unfair competition.  Plaintiff brings the first through fifth causes of action under the California Fair Employment and Housing Act ("FEHA"); the sixth and seventh causes of action

1

51069611_1.docx

Case No. _____
DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

under California common law; the eighth through eleventh causes of action under the California Labor Code ("Labor Code"); and the twelfth cause of action under the California Business and Professions Code. A true and correct copy of the summons and complaint are attached to this Notice as "**Exhibit 1**"; *see also* Declaration of Hardy Murphy ("Murphy Decl.") filed concurrently with this Notice, ¶ 2.

2. On January 16, 2024, a process server personally served Masonite, through its registered agent for services of process in California, with the summons, complaint, and other accompanying documents. A true and correct copy of this Service of Process Notice reflecting the service of these documents is attached to this Notice as "**Exhibit 2**"; *see also* Murphy Decl., ¶ 3 and Ex. 2.

3. On February 14, 2022, Masonite filed and served a general denial answer to the complaint in Riverside Superior Court. A true and correct copy of Masonite's answer is attached to this Notice as "**Exhibit 3**"; *see also* Murphy Decl., ¶ 4 and Ex. 3.

4. Exhibits 1 through 3 to this Notice constitute all pleadings, process and orders served in the State Court Action at the time of this removal.

5. This Notice is timely filed in that February 15, 2024 is the thirtieth (30th) day after service of the initial pleading setting forth the claims for relief upon which Plaintiff bases this action.

6. Plaintiff also names as defendants "DOES 1 through 20" in the complaint. Masonite is informed and believes, and on that basis alleges, that Plaintiff has caused none of the fictitiously-named defendants to be served with the summons and complaint in this action. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition).

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069859.v3-Ogletree

## II.

## DIVERSITY JURISDICTION EXISTS IN THIS ACTION

7. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

## III.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN PLAINTIFF AND MASONITE

8. Plaintiff's is a citizenship of California. For diversity purposes, the citizenship of a natural person is determined by his/her state of domicile. *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); Lew v. Moss, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court Complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co.*, 19 F.3d at 519-20 (allegation by party in state court complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise). Plaintiff is a citizen of California, having resided and domiciled in Riverside County, California at all relevant times during his employment with Masonite, as well as the time that Plaintiff filed this action and that Masonite filed this Notice. Ex. 1, Complaint, ¶ 2; *see also* Declaration of Katie Mercardo ["Mercado Decl."], filed concurrently with this Notice, at ¶ 3. Accordingly, Plaintiff is a citizen, resident and domiciliary of the State of California.

/ / /

/ / /

3

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

9. <u>Masonite is not a citizen of California but, instead, a citizen of the States of Delaware and/or Florida</u>. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c). For the reasons set forth below, Masonite is not now, and was not at the time of the filing of the State Action, a citizen of the State of California. *See* declaration of Ranell Mason ["Mason Decl."], filed concurrently with this Notice, at ¶¶ 2-3.

10. Rather, Masonite is now, and, ever since this action commenced, has been incorporated under the laws of the State of Delaware, with its principal place of business in the State of Florida. *See* Mason Decl., ¶ 3. Under the "nerve center test," a principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities"). Because Masonite's corporate headquarters and executive offices are located in Tampa, Florida—where its high level officers direct, control, and coordinate the Company's activities—Masonite's principal place of business or "nerve center" is in Tampa, Florida. *See Id.*; *see also* Mason Decl., ¶ 3. Accordingly, Masonite is, and has been at all times since Plaintiff commenced this action as well as the time that Masonite filed this Notice, a <u>citizen</u> and <u>resident</u> of the States of Delaware and Florida. *See* Mason Decl., ¶ 3.

11. <u>Does' Citizenship</u>. Pursuant to 28 U.S.C. section 1441(b)(1), the Court shall disregard the citizenship of defendants sued under fictitious names for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

considered).  Thus, the existence of Doe Defendants 1-20, does not deprive this Court of jurisdiction.

12.    Accordingly, complete diversity of citizenship exists between Plaintiff and Masonite.

## IV.

## THE ALLEGED AMOUNT IN CONTROVERSY EXCEEDS $75,000

13.    While Masonite denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000.  Plaintiff alleges, *inter alia*, that during his employment with Masonite as an hourly employee, Masonite discriminated against him because of his age and alleged disability and/or perceived disability, failed to interact with him regarding accommodations of his alleged disability or provide any such reasonable accommodations, retaliated against him for requesting leave for medical reasons or other accommodations, failed to prevent age or disability discrimination and retaliation, failed to pay his wages, violated the Labor Code and Business & Professions Code by not providing him with legally required meal periods or earnings statements, and wrongfully terminated his employment.  (*See* Ex. 1, Complaint, generally.)

14.    The amount in controversy is determined from the allegations or prayer of a complaint.  *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction).  If a complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal.  *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997).

15.    The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in  controversy.  Pub.

5

L. 112-63, Title II, § 205.  Under the JVCA, Congress clarified that the preponderance of the evidence standard applies to removals under 28 U.S.C. § 1332(a). See H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").  28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice … permits recovery of damages in excess of the amount demanded." Under these circumstances, "removal of the action is proper on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B). Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

16.     The United States Supreme Court has held that, "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart, 135 S. Ct. at 554 (emphasis added). The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal … must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

17.     To meet this relatively low evidentiary burden, a defendant may rely on plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated.  *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.*, 408 F.

6                                    Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy.  *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can … be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

18.    As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007).  Masonite needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000.  *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

/ / /

/ / /

/ / /

/ / /

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

## A.    Plaintiff's Potential Lost Earnings (Back and Front Pay) Alone Exceed The Jurisdictional Minimum For Diversity Removal

19.    Here, Plaintiff alleges that, on or about August 30, 2021, Masonite wrongfully terminated his employment, when he was 47 years (s*ee* Ex. 1, Complaint, ¶ 23), and that he sustained and continues to sustain, economic damages from lost earnings. *Id*. at ¶¶ 29-30, 45, 57, 63, 71, 79, 97, Prayer for Relief, ¶ 1.

20.    Back pay.  Plaintiff's claim for lost earnings specifically includes lost back pay. Ex. 1, Complaint, ¶ 30.  At the time of Plaintiff's alleged wrongful termination, Plaintiff asserts that his hourly rate of pay was $18.00 and that he worked six days per week, 8.5 to 12 hours per day. *See* Ex. 1, Complaint, ¶ 18. Accordingly, based on Plaintiff's allegations and judicial admissions alone, and even without considering overtime pay (for hours worked more than 8 per day, which he claims he did), Plaintiff received—according to him—annual earnings from Masonite of approximately $37,440 ($18 per hour x 40 hours per week x 52 weeks), or approximately $720 per week. *Id.*  However, per Plaintiff's earnings records with Masonite, he actually earned slightly more than that, specifically, $37,600 per year or approximately $723 per week. *See* Mercado Decl., ¶ 3.   Based on the most recent Judicial Caseload Profile  obtained from the United States District Courts' website, located here,

https://cdn.ca9.uscourts.gov/datastore/general/2022/CAC_
District_Court_Caseload_Profile_June2022.pdf),

the median time from (a) the filing of a civil matter in the Central District of California to (b) the actual trial in that matter is 23.5 months. (Request for Judicial Notice, Ex. 4.)  Therefore, using that median-time-to-trial in months and Plaintiff's actual weekly earnings from Masonite, Plaintiff's back pay alone, from the date of his alleged August 30, 2021 wrongful termination through the anticipated trial of this action on January 20, 2026 (approximately 23.5 months from the February 15, 2024

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

filing of this notice of removal), is approximately **$165,567** (229 weeks x $723 per week).  That amount alone exceeds the $75,000 jurisdictional requirement.

21.    Front pay.  In addition to back pay, Plaintiff also seeks lost future wages.  Ex. 1, Complaint, ¶ 30.  A plaintiff who successfully alleges wrongful termination or discriminatory discharge of employment generally seeks an award of front pay.  *See, e.g.*, *Cassino v. Reichhold Chemicals, Inc*., 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement under the Age Discrimination in Employment Act); *Secru v. Laboratory Corp. of America*, WL 3755763, at *2 n.3. (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc*., 2007 WL 1589543, at *2 n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also, Crum v. Circus Circus Enters*., 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).  Here, even conservatively estimating that, at the time of trial in mid- to late-January 2026, Plaintiff will seek two years of front pay, Plaintiff's lost earnings for that two year period are another **$75,200** ($37,600 earnings per year [Mercado Decl., ¶ 3] x 2 years).

22.    Thus, based on Plaintiff's allegations, his lost wages alone are approximately **$240,767** ($165,567 in back pay by the time of trial + $75,200 in front pay for the two year period after the time of trial)—an amount in controversy that far exceeds the minimum amount required for diversity jurisdiction.

**B.    Plaintiff's Request For Statutory And Civil Penalties Further Pushes The Potential Amount In Controversy Above The Jurisdictional Minimum**

23.    Plaintiff seeks civil and statutory penalties, including, without limitation:

- meal period premiums of **$7,650** for allegedly not receiving legally compliant meal periods;

9                                    Case No. _____
DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

- **$4,000** for allegedly receiving legally non-compliant earnings statements;
- waiting time penalties of **$7,650**.

Ex. 1, Complaint, ¶ 109-112, 118, 123, and Prayer for Relief, ¶¶ 2-4.  That alone is approximately **$19,300** in penalties, not including the penalties for which Plaintiff provides no calculation in his complaint.

24.     Thus, by the time of trial, Plaintiff will seek, at a minimum, and excluding overtime and other penalties not specifically calculated above, approximately **$260,067** in lost back and future earnings ($240,767) and the minimum amount in penalties that Plaintiff is seeking for non-complaint meal periods, earnings statements and waiting time penalties ($19,300), before even considering Plaintiff's claims for additional penalties.

## C.      Plaintiff's Emotional Distress Damages Claims Also Exceed The Jurisdictional Minimum For Diversity Removal

25.     Plaintiff also seeks general, non-economic damages, including for emotional distress.  *See* Ex. 1, Complaint, ¶¶ 29, 31, 45, 57, 63, 71, 79, 97, and Prayer for Relief, ¶ 1.  Although Masonite denies any liability to Plaintiff for embarrassment, humiliation, and mental and emotional distress and discomfort, these alleged damages must be included when calculating the amount in controversy.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. May 12, 1999) (emotional distress damages "may be considered in the amount in controversy").  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination cases commonly exceed $75,000.  *See*, *e.g.*,

    a. *Cosby v. Autozone, Inc*. 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability);

    b. *Vaughn v. CNA Casualty of California*, No. 06CV00859(JVS), 2008 WL 4056256 (Feb. 28, 2008 C.D. Cal.) ($300,000 for non-economic

Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx

damages where plaintiff alleged her disability restrictions were not accommodated by employer);

c. *Leggings v. Rite Aid Corporation*, *et. al.,* No. BC511139, 2015 WL 4610281 (July 20, 2015 L.A. County Sup. Ct.) ($2,500,000 for past and future pain and suffering in age and disability discrimination and harassment case where the plaintiff claimed he was terminated in retaliation for his disability and complaints of harassment and discrimination);

d. *Palma v. Rite Aid Corp.*, No. BC465411, 2012 WL 3541952 (July 24, 2012 L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case);

e. *Ismen v. Beverly Hospital*, No. BC366198, 2008 WL 4056258 (Aug. 13, 2008 L.A. County Sup. Ct.) ($113,100 for emotional distress where plaintiff alleged disability discrimination when employer represented it could not accommodate restrictions);

f. *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (Feb. 16, 2006 L.A. County Sup. Ct.) ($300,000 for non-economic damages where plaintiff claimed employer failed to accommodate her physical disability);

g. *Miller v. Lockheed Marti*n, No. BC287797, 2005 WL 4126684 (October 7, 2005 Los Angeles County Sup. Ct.) ($300,000 for non-economic damages where plaintiff alleged employer failed to engage in interactive process or accommodate permanent restrictions);

h. *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (May 22, 2007 Cal. Super. Ct.) (awarding $2,340,700 to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave); and

11

Case No. _____

51069611_1.docx

       i. *Cal. Dep't of Fair Employment and Housing v. County of Riverside*, No. RIC352666, 2003 WL 24304125 (October 16, 2003 Riverside County Sup. Ct.) ($300,000 for non-economic damages where plaintiff claimed employer failed to engage in timely interactive process and provide reasonable accommodation)

26. Plaintiff's allegations that Masonite failed to accommodate him and failed to engage in the interactive process are similar to both the factual and legal issues raised in the cases above. Given each Plaintiff's allegations, when measured in light of the allegations and damages awarded in the cases cited above, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress damages demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

**D.** **Plaintiff's Request for Punitive Damages And Attorney Fees Also, On Their Own, Exceed The Jurisdictional Minimum For Diversity Removal**

27. Plaintiff claims he is entitled to punitive damages. *See* Ex. 1, Complaint, ¶¶ 32, 45, 57, 63, 71, 79, 97, and Prayer for Relief, ¶ 8. Although Masonite denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs'"). An examination of jury awards shows that punitive damages awards alone in these types of discrimination cases often exceed the $75,000 amount in controversy requirement. *See Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court, Oct. 7, 2001) ($600,000 award of punitive damages in discrimination case); *see also Colucci v. T-Movile USA, Inc.*, 48 Cal.App.5th 442, 459 (2020) (awarding $1,530.063 in punitive damages in a workplace retaliation case).

28. Plaintiff also seeks attorney fees. *See* Ex. 1, Complaint, ¶¶ 47, 59, 65, 73, 81, 102, 112, 119, 124, and Prayer for Relief, ¶ 11.) Although Masonite denies

12

51069611_1.docx

any liability to Plaintiff for attorney fees, claims for attorney fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

## V.

## THIS REMOVAL IS PROPER

29. The aggregation of Plaintiff's potential economic and special damages, alleged statutory and civil penalties, general and emotional distress damages, punitive damages and attorney fees is sufficient evidence that, "more likely than not," the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g*, 102 F.3d 398 (9th Cir. 1996). Based upon the allegations contained in Plaintiff's Complaint, Masonite is informed and believes that Plaintiff seeks damages far exceeding $75,000, which is within the jurisdictional authority of this Court.

30. Since diversity of citizenship exists between the Plaintiff and Masonite, and the matter in controversy between the parties is in excess of $75,000, exclusive of interests and costs, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1). This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## VI.

## PLEADINGS AND PROCESS

31. <u>Parties</u>:  Masonite brings this Notice of Removal on its own behalf.

32. <u>Pleadings</u>:  In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served in this action, including the summons, complaint, and answer, are attached to this Notice as Exhibits 1 to 3.

13

Case No. _____

33.    Proper Court and Intradistrict Assignment:  Removal to this Court is proper under 28 U.S.C. section 1441(a) because Riverside Superior Court is geographically located within this Court's district and division.

34.    Notice: Masonite is serving a copy of this Notice on all adverse parties and a notice will be filed with the clerk of Superior Court of California for the County of Alameda pursuant to 28 U.S.C. § 1446(d).

35.    Signature:  This Notice is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  *See* 28 U.S.C. § 1446(a).

36.    By removing on the basis of diversity jurisdiction, Masonite does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages.  Masonite denies the material allegations contained in the Complaint, generally and specifically.

**VII.**

**PRAYER FOR REMOVAL**

WHEREFORE, Masonite respectfully requests that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Court issue all necessary orders and process and grant such other and further relief as in law and justice that Masonite may be entitled to receive.

DATED: February 15, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By:  /s/ Hardy R. Murphy
        Hardy R. Murphy

Attorneys for Defendant
MASONITE CORPORATION

14                          Case No. _____

DEFENDANT MASONITE CORPORATION'S NOTICE OF REMOVAL AND REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

51069611_1.docx